UNITED STATES (ROMERO v.). See Case No. 12,029.

---

## Case No. 16,192.

### UNITED STATES v. RONZONE.

[14 Blatchf. 69.] [1]

Circuit Court, S. D. New York. Dec. 9, 1876.

INDICTMENT AND INFORMATION—MOTION TO QUASH —NOLLE PROS.

A motion being made to quash an indictment for a misdemeanor, an information was filed setting forth the same charge as that in the indictment, accompanied with an affidavit as to the identity of the offence. A nolle prosequi was entered on the indictment, and the defendant moved to quash the information, on the ground that there had been no preliminary examination before a commissioner nor any order to show cause: *Held*, that the motion must be denied.

[This was an indictment against Philip Ronzone.]

Benjamin B. Foster, Asst. U. S. Dist. Atty.

Louis F. Post and Abram J. Dittenhoefer, for defendant.

BENEDICT, District Judge. The defendant was indicted for a misdemeanor. Objection being taken to the averments of the indictment, and a motion to quash being made, the district attorney filed an information setting forth the same charge contained in the indictment, accompanied with an affidavit showing that the offence charged in the information had been made to appear to a grand jury, and that the grand jury, upon evidence, had found an indictment against the accused for the same offence charged in the information. Upon filing the information, a nolle prosequi was entered upon the indictment and thereupon a motion was made, in behalf of the accused, to quash the information, upon the ground that he had not been afforded a preliminary examination before a commissioner, nor an opportunity to show to the court, upon an order to show cause, the absence of evidence to justify placing him upon trial.

The case of U. S. v. Shepard [Case No. 16,273] was cited in support of the motion. That case is no authority for holding that an order to show cause and a hearing thereon is a necessary preliminary to a proceeding upon information, for, in that case the court says: "It would certainly be quite foreign to any known practice in the United States courts, to pursue the English practice of re-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

quiring a rule for the accused to show cause before the court and there contest the question whether the evidence justified placing him on trial." Nor is that case authority for holding that an examination before a commissioner is, under all circumstances, a necessary preliminary to proceedings by information. In Shepard's Case there had been no preliminary inquiry, either before a commissioner or before a grand jury, and the information was not accompanied with any oath whatever. The question, whether the fact of an indictment having been found for an offence would not justify placing the accused on trial upon an information charging the same offence, was not before the court in Shepard's Case, and was not there decided. There have been many cases where the exhibition of an indictment found in one district has been deemed sufficient evidence to warrant an arrest in another; and there is one adjudged case where the precise question here raised was involved. I allude to U. S. v. Waller [Id. 16,634], where an indictment had been found which was quashed, whereupon the district attorney filed an information alleging the offence charged in the indictment, and the accused then moved that the information be quashed. The court refused to quash the information. The decision in Waller's Case is sufficient authority to support the present proceeding, and the motion to quash this information must be denied.